1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GOVERNMENT APP SOLUTIONS,              No.  2:22-cv-01627-DAD-AC
     INC.,
12
                     Plaintiff,
13
          v.                                ORDER GRANTING DEFENDANT'S
14                                           MOTION TO DISMISS PLAINTIFF'S FIRST
     UNITED STATES OF AMERICA,               AMENDED COMPLAINT AND
15                                           DISMISSING THIS ACTION
                     Defendant.
16                                           (Doc. No. 38)

17

18          This matter is before the court on the motion to dismiss filed by defendant United States

19   of America ("the government" or "defendant") on April 3, 2024.  (Doc. No. 38.)  On April 16,

20   2024, the pending motion was taken under submission on the papers.  (Doc. No. 40.)  For the

21   reasons explained below, defendant's motion to dismiss plaintiff's first amended complaint

22   ("FAC") will be granted without leave to amend.

23                                  **BACKGROUND**

24          As relevant for the resolution of the pending motion, the court observes that plaintiff's

25   allegations in its FAC are largely unchanged from those appearing in its original complaint.  In

26   brief, plaintiff alleges the following in its FAC.  Plaintiff's business was providing a

27   crowdsourcing platform with software and technical support to municipalities throughout the

28   United States in order to increase road safety, reduce distracted driving incidents, issue and

                                            1

collect parking citations, and generally improve community living conditions.  (Doc. No. 35 at ¶ 16.)  The government conducted a "sting operation" by offering bribes to local government officials in return for securing contracts for plaintiff's services.  (*Id.* at ¶ 13.)  Plaintiff was never informed by the government that it would be the company on whose behalf the bribes would be offered.  (*Id.*)  The government knew, or reasonably should have known, that using plaintiff in this way as part of its investigation "would harm and injure plaintiff in its business and its property in such a way that the substantial amounts of money the shareholders invested in plaintiff would all be lost and their investments would become worthless."  (*Id.* at ¶ 24.)  This injury was "totally unrelated to contracts that plaintiff might have been able to secure in the future, but instead has to do with the total loss of the substantial amounts of money that the shareholders had already invested in plaintiff . . . ."  (*Id.*)

Based on the above allegations, plaintiff asserts one claim for negligence in its FAC against defendant United States brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA").  (*Id.* at ¶ 1, 22–31.)

On June 20, 2023, the government filed a motion to dismiss plaintiff's original complaint, arguing in part that plaintiff's negligence claim was barred by exceptions to the FTCA's waiver of sovereign immunity.  (Doc. No. 15.)  On February 16, 2024, the court issued an order granting the government's motion to dismiss.  (Doc. No. 33.)  In that order, the court concluded in part that the contract rights exception to the FTCA barred plaintiff's negligence claim on the grounds that the basis of plaintiff's negligence claim asserted in its original complaint was that "negligence by the government caused plaintiff to lose future income after being unable to secure any further contracts with municipalities."  (*Id.* at 11.)  The court granted plaintiff leave to amend to attempt to cure the noted deficiencies in its complaint through allegation of additional facts in light of the Ninth Circuit's policy of "extreme liberality," despite expressing that it was "highly skeptical that plaintiff will be able to do so."  (*Id.* at 12.)  Plaintiff was directed to file an amended complaint only if it had a good faith basis for additional allegations that would support a finding that, among other things, the contract rights exception would not apply here.  (*Id.*)

/////

2

1    Plaintiff filed its FAC on March 6, 2024.  (Doc. No. 35.)  On April 3, 2024, defendant

2    United States filed the pending motion to dismiss plaintiff's FAC pursuant to Rule 12(b)(1) of the

3    Federal Rules of Civil Procedure, again arguing that this court lacks jurisdiction over plaintiff's

4    negligence claim because it is barred by exceptions to the FTCA's waiver of sovereign immunity.

5    (Doc. No. 38.)  Plaintiff filed its opposition to the pending motion on April 24, 2024.  (Doc.

6    No. 44.)  On May 2, 2024, the government filed its reply thereto.  (Doc. No. 45.)

7    **LEGAL STANDARD**

8    Federal Rule of Civil Procedure 12(b)(1) permits a party to "challenge a federal court's

9    jurisdiction over the subject matter of the complaint."  *Nat'l Photo Grp., LLC v. Allvoices, Inc.*,

10   No. 13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014).  "A Rule 12(b)(1)

11   jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the

12   allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."

13   *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citation omitted).

14   The court construes the government's argument to be that the allegations in plaintiff's complaint,

15   even if assumed to be true, are insufficient to invoke federal jurisdiction over plaintiff's claims.

16   (*See* Doc. No. 15.)  The government therefore mounts a facial jurisdictional attack.

17   "The district court resolves a facial attack as it would a motion to dismiss under

18   Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences

19   in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter

20   to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

21   However, the court need not assume the truth of legal conclusions cast in the form of factual

22   allegations.  *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

23   **ANALYSIS**

24   "As a sovereign, the United States is immune from suit unless it waives such immunity."

25   *Chadd v. United States*, 794 F.3d 1103, 1108 (9th Cir. 2015) (citing *FDIC v. Meyer*, 510 U.S.

26   471, 475 (1994)).  The waiver of sovereign immunity is a prerequisite to federal court

27   jurisdiction.  *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011).  The FTCA provides a

28   broad waiver of the government's sovereign immunity for tort claims arising out of the negligent

conduct of government employees acting within the scope of their employment.  *Terbush v.*
*United States*, 516 F.3d 1125, 1128 (9th Cir. 2008); *see also United States v. Sherwood*, 312 U.S.
584, 586 (1941).  Pursuant to the FTCA, the United States can thus be sued "under circumstances
where the United States, if a private person, would be liable to the claimant in accordance with
the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *Chadd*, 494
F.3d at 1109.

 The FTCA, however, provides various exceptions to its broad waiver of sovereign
immunity.  Relevant here, one such exception relates to "[a]ny claim arising out of . . .
interference with contract rights," for which the United States' sovereign immunity is not waived.
28 U.S.C. § 2680(h).  As a result, the FTCA does not waive sovereign immunity as to claims of
interference with prospective economic advantage.  *See Art Metal-U.S.A., Inc. v. United States*,
753 F.2d 1151, 1155 (D.C. Cir. 1985) ("To hold that interference with prospective advantage
does not arise out of interference with contract rights under section 2680(h) would subject the
government to liability if its employees interfered with the plaintiff's mere expectation of entering
a contract, but not if they interfered with a contract already in existence.  Such a result would be
illogical and contrary to the 'words and reason of the exception.'") (quoting *Kosak v. United*
*States*, 465 U.S. 848, 854 (1984)).  Consequently, courts have almost "universally" concluded
that a "plaintiff's claim for interference with prospective economic advantage [is] barred under
the interference with contracts exemption to the FTCA."  *Numrich v. United States*, No. 01-cv-
00532-ST, 2001 WL 34043386, at *7 (D. Or. Sept. 10, 2001).

 In its pending motion to dismiss, defendant argues that plaintiff's negligence claim is
essentially a claim for prospective interference with economic advantage, "arises out of"
interference with contract rights, and is therefore squarely barred by the FTCA.  (Doc. No. 38-1 at
4–6.)  Defendant argues that plaintiff's allegation in its FAC that the negligence claim is "not in
any way connected with plaintiff's prospective economic gain or advantage, or connected to any
damages having to do with contracts at all" (Doc. No. 38-1 at 7–8) (quoting Doc. No. 35 at ¶ 24),
directly contradicts plaintiff's previous allegation in its original complaint that "plaintiff has lost
all value as a viable company due to the negligence of [the government] . . . in that no

4

municipality in the United States will now do business with a company that was involved in FBI sting operations offering bribes to public officials to secure city contracts" (Doc. No. 38-1 at 7) (quoting Doc. No. 1 at ¶ 30).  Defendant further argues that plaintiff's new allegation in its FAC not only contradicts the allegations appearing in the original complaint but also "defies logic." (Doc. No. 38-1 at 8.)

Plaintiff argues in opposition that "the doctrine of a sham pleading is well settled and defined in California, and that doctrine is simply inapplicable for the court to disallow plaintiff's FAC in this case."  (Doc. No. 44 at 4.)  Plaintiff then cites several state court decisions addressing pleading standards in California state courts.  (*Id.*)  Finally, plaintiff argues that it is "alleging an alternate theory of damages for the loss of its capital and its shareholders' investments," and that this alternate theory of damages "relate[s] to the same set of facts describing defendant USA's conduct as alleged in the original complaint."  (*Id.* at 6.)  As was the case in its opposition to defendant's motion to dismiss plaintiff's original complaint, plaintiff again does not directly address why the contract rights exception does not apply here.  (*See* Doc. No. 33 at 9) ("Plaintiff did not respond to this argument advanced by the government in its opposition.").

"The FTCA bars claims for interference with prospective economic gain or advantage, 'no matter what words are used to describe such a tort.'"  *Mangano v. United States*, No. 05-cv-02836-PJH, 2005 WL 8162006, at *9 (N.D. Cal. Oct. 28, 2005) (quoting *Numrich*, 2001 WL 34043386, at *6); *see also id.* (dismissing the plaintiff's "claim that the actions of the [government] tarnished his standing in the medical and research community and resulted in a loss of employment opportunities" because it was "essentially a claim of interference with prospective economic advantage").  In its FAC, plaintiff has deleted its previous allegation that its loss of value was due to municipalities refusing to enter into contracts or do business with plaintiff. However, plaintiff has not alleged any other facts explaining how or why defendant's alleged conduct caused the claimed injury, i.e., the loss in value.  *See Doe v. N. Cal. Fertility Med. Ctr.*, No. 2:22-cv-01861-DAD-JDP, 2024 WL 246178, at *5 (E.D. Cal. Jan. 23, 2024) ("The elements of negligence are duty, breach, causation, and injury.").  Nor does plaintiff offer any argument as to why the contract rights exception does not still bar its negligence claim, which plaintiff

1   acknowledges is predicated on the same factual allegations as were presented in its original

2   complaint.  Accordingly, the court easily concludes that plaintiff's negligence claim is barred by

3   the contract rights exception to the FTCA.  (*See* Doc. No. 33 at 9–11.)

4        As noted, the court previously granted plaintiff leave to amend to cure the deficiencies in

5   its original complaint "out of an abundance of caution," despite being "highly skeptical that

6   plaintiff would be able to do so."  (*Id.* at 12.)  Plaintiff has failed to do so.  Moreover, it is now

7   clear that the granting of further leave to amend would be futile.  *See Foman v. Davis*, 371 U.S.

8   178, 182 (1962) (noting that "repeated failure to cure deficiencies by amendments previously

9   allowed" can justify denial of further leave to amend); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124,

10   1133 (9th Cir. 2013) ("Here, the district court denied leave to amend because 'Plaintiffs have had

11   ample opportunity to properly plead a case and have failed to do so.'  Indeed, the district court

12   gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not

13   comply. . . .  The district court did not abuse its discretion by denying leave to amend.").

14   **CONCLUSION**

15        For the reasons explained above,

16       1.    The motion to dismiss filed by defendant United States on April 3, 2024 (Doc.

17              No. 38) is granted;

18       2.    The first amended complaint filed by plaintiff Government App Solutions on

19              March 6, 2024 (Doc. No. 35) is dismissed; and

20       3.    The Clerk of the Court is directed to close this case.

21        IT IS SO ORDERED.

22   

23   Dated:   **October 28, 2024**                                    

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

24   

25   

26   

27   

28